Ex parte José María Franceschi et al., Petitioners and
Appellants; López de Tord & Zayas Pizarro, Interveners
and Appellees.

No. 6964. Argued December 2, 1935.—Decided December 23, 1935.

*H. G. Molina* and *M. León Parra* for appellants. *López de Tord &
Zayas Pizarro* and *Martín Travieso* for appellees.

Mr. Justice Wolf delivered the opinion of the court.

From the well-known judgment in this case an appeal was
taken on the 8th of November 1934. Since then four motions
to dismiss have been filed and all overruled. The appellants
offered to present a statement of the case in July last. The
appellees allege in effect that to make an appearance of
complying, the appellants filed a so-called "statement of the
case" wherein they omitted to include about 80 per cent
of the documentary evidence. Appellees charging bad faith
and delay now file a fifth motion to dismiss which will be
definitely denied.

In the first place, while this court has plenary power
over a case once it acquires jurisdiction by appeal, ordinarily

260

the judge of a lower court, well and trully apprized of the facts and conditions, is the one to determine the sufficiency of a statement of a case. On the 4th of October 1935, the District Judge of Ponce made an order from which we copy the following essential paragraphs:

██ "Rule 40 *a* of the Supreme Court of Puerto Rico prescribed, among other things, as follows:

" '. . . . That in cases where it is desired to review only certain rulings of the court with respect to the evidence, it will not be necessary to recite all the evidence, but only so much of it as is indispensable for a proper review of the ruling.'

"The appellants have repeatedly stated in writing, through their attorney Molina, that they did not wish to review, nor will they mention, in the appeal, the orders of the district court entered in regard to the inhibition of Judge Sepúlveda and the incident of Dr. Pou.

"We think that the appellants are entitled to omit from the statement of the case the evidence in connection with such incidents, pursuant to Rule 40 *a* whose pertinent part has been transcribed.

"Another part of Rule 40 *a* prescribed:

" '. . . . No deed, will or any other documentary evidence, shall be inserted at length, but shall be stated briefly, giving only the substance thereof, according to its legal import and effect. . .'

"Therefore, we hold that it is not proper, under such Rule, *to insert at length* the numerous records of cases and other documents submitted in evidence, and that it is sufficient to make a concise recital of them, stating only their essential part.

"However, as the appellants themselves request on page 388 of the statement of the case and in their motion in explanation thereof that the originals of the complete record of this case of judicial administration, as well as of all the documentary evidence be transmitted to the Supreme Court as a *Supplement of the Statement of the Case,* the court may thus be able to so order when approving at the proper time the statement of the case.

"Briefly, the court hereby holds:

"That the appellants are entitled under Rule 40 *a* of the Supreme Court to omit, as they did omit, from the statement of the case all the evidence in connection with the incidents regarding the inhibition of Judge Sepúlveda and Dr. Pou.

"And it is hereby ordered:

"That the appellants shall, within 15 days·from this date, file a statement of the case and bill of exceptions, *amended,* including all the amendments submitted by the interveners and appellees in their 34 page writing dated August 26, 1935, entitled: 'Opposition of the Interveners, etc., etc.' It should be understood that the amendments requested *relating to the incident of Dr. Pou, shall be omitted.*

"A copy of the statement of the case and bill of exceptions such as amended in accordance with the present order shall be delivered to the interveners-appellees."

After reading this, we have the idea that from now on the appellees might wait to see in what form the statement of the case is finally approved by the district judge. This court reserves the right to order an amendment, if necessary, to any defective statement.

On account of the complicated situation wherein the essential part of so many original records would have to be summarized, we acquit the appellants of bad faith.

On the other hand, we think the appellees could greatly aid this court by indicating to the lower court what is the essential part of these various records. For example, if a complaint is for the recovery of money for most actions in tort or for a foreclosure of a mortgage and other simple matters, any expert, judge or lawyer, should be able to sum up briefly the nature of the labor done by the appellees. No one could do this better than appellees themselves. It is true that it is the duty of appellants to incorporate the evidence, but the case is for lawyer's fees and the appellees are officers of this court who could greatly help us.

We think the judge was justified in trying to relieve the appellants from the necessity of copying in their entirety the documents in other suits and in offering to send up the original records as references.

The motion should be denied.